**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KEI HAN YEUNG, individually and on behalf of similarly situated employees,** ) ) ) | |
| **Plaintiff,** ) ) | **No. 17 CV 4741** |
| vs. ) ) | **JURY DEMAND** |
| **BISTRO DRAGON, INC., and KEVIN CHEN,** ) ) ) | |
| **Defendants.** ) | |

## COMPLAINT

The Plaintiff **KEI HAN YEUNG** ("Yeung"), individually and on behalf of all similarly situated employees, through 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), complains against **BISTRO DRAGON, INC.,** ("BDI") and **KEVIN CHEN** ("CHEN") (both referred to as "Defendants"), states:

### JURISDICTION AND VENUE

1. This Honorable Court has subject matter jurisdiction over the federal wage claim through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

2. This Honorable Court has supplemental jurisdiction over the Illinois wage claim through 28 U.S.C. § 1367 because it is so related to YEUNG's federal claim that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to YEUNG's claims occurred in this judicial district.

1

## THE PARTIES

### YEUNG

4. During the course of employment:

    a. YEUNG resided and was domiciled in this judicial district;

    b. YEUNG worked for BDI from approximately August 2008 to the present;

    c. YEUNG was a BDI "employee" as defined by Illinois and federal law;

    d. YEUNG's job functions included being assistant manager;

    e. YEUNG's work activities engaged YEUNG individually in commerce because YEUNG handled goods that moved in interstate commerce such as equipment, food and supplies.

    f. Defendants scheduled YEUNG to work approximately fifty eight (58) hours per week;

    g. YEUNG did not receive overtime wages despite working more than forty (40) hours weekly; and

    h. YEUNG has never been exempt from the FLSA and IMWL overtime provisions.

5. YEUNG's Notice to Become a Party Plaintiff in a Collective Action under the FLSA is attached as Exhibit A.

### Defendants

6. BDI is an "enterprise" by the FLSA's definition, owned and operated within this judicial district, and is engaged in commerce or in the production of goods, food for commerce within the meaning of the FLSA.

7. BDI has had, during the relevant employment period, at least two employees.

8. Upon information and belief, BDI's annual gross volume of sales made or business done exceeds $400,000.00 exclusive of excise taxes.

9. CHEN is BDI's President, and was involved in BDI's day-to-day operations, including the policies that give rise to YEUNG's claims.

10. Upon information and belief CHEN resides and is domiciled in this judicial district.

11. Defendants devised and maintained a companywide policy of failing to pay certain employees earned overtime wages.

12. Upon information and belief, Defendants did not record and preserve employee records in accordance with 29 C.F.R. Part 516.

13. Defendants' books and records are material to the instant matter because they may disclose certain information about the hours worked by employees and the rate of pay for that work.

## COUNT I: FLSA OVERTIME WAGE VIOLATION

14. YEUNG incorporates all preceding paragraphs as if fully restated.

15. This Count arises from Defendants' willful FLSA violation for failure to pay YEUNG and other similarly situated employees all earned overtime wages.

16. Through 29 U.S.C. § 216(b), this action may be maintained by any Plaintiff damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

17. YEUNG was directed by Defendants to work, and did work, over forty (40) hours weekly.

18. Because YEUNG worked over forty (40) hours weekly and was non-exempt from overtime wages, YEUNG was entitled to received overtime wages.

19. All past and present employees of Defendants who performed non-exempt work and were not paid overtime wages are similarly situated to YEUNG, because Defendants applied its illegal compensation policies, on a company-wide basis.

20. Defendants' failure to pay overtime wages was willful because Defendants did not act in good faith and had no reasonable grounds for believing that failing to pay overtime wages was not a FLSA violation.

21. Through 29 U.S.C. § 255(a), YEUNG and other similarly situated employees are entitled to all unpaid overtime wages for up to three (3) years from the date of this complaint's filing because Defendants' FLSA violation was willful.

22. Through 29 U.S.C. § 260, YEUNG and other similarly situated employees are entitled to recover liquidated damages because Defendants' FLSA violation was willful.

WHEREFORE, YEUNG individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Determine that this action may be maintained as a collective action through the FLSA.

B. Award all unpaid overtime wages for all time worked by YEUNG and other similarly situated employees over forty (40) hours weekly;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare that Defendants violated the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant any other relief deemed just.

## COUNT II: IMWL OVERTIME WAGE VIOLATION

23. YEUNG incorporates all preceding paragraphs as if fully restated.

24. This Count arises from Defendants' IMWL violation for failure to pay YEUNG and other similarly situated employees their earned overtime wages.

25. YEUNG and similarly situated employees are entitled to compensation for all work performed.

26. Defendants directed YEUNG to work and YEUNG worked, over forty (40) hours weekly.

27. Defendants violated the IMWL by failing to compensate YEUNG and similarly situated employees overtime wages for all hours worked over forty (40) weekly.

28. Through 820 ILCS § 105/12(a), YEUNG is entitled to all unpaid overtime wages for three (3) years before this suit's filing whether Defendants' IMWL violation was willful or not.

29. Through 815 ILCS § 205/2, YEUNG are entitled to recover interest for three (3) years before this suit's filing whether Defendants' IMWL violation was willful or not

WHEREFORE, YEUNG individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Award Statutory damages as set forth in 820 ILCS § 105/12(a);

B. Award Statutory interest as set forth in and 815 ILCS § 205/2;

C. Declare that Defendants violated the IMWL;

D. Award reasonable attorneys' fees and costs; and

E. Grant any other relief deemed just.

Respectfully requested,

**/s/ Michael T. Smith**
Michael T. Smith
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099